UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY TYRONE CAMPBELL, SR._____Plaintiff,_____v.__JEFFREY BEARD, et al.,_____Defendants. | Case No.1:14-cv-00801-LJO-SAB (PC)__ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL__[ECF No. 9] |

Plaintiff Anthony Tyrone Campbell Sr. is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On June 11, 2014, the Court denied Plaintiff's request for the appointment of counsel finding that Plaintiff did not present extraordinary circumstances to warrant the appointment of voluntary counsel.

Now pending before the Court is Plaintiff's motion for reconsideration of the Court's June 11, 2014, order.

The Court has discretion to reconsider and vacate a prior order.  Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir. 1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir. 1992). Motions to reconsider are committed to the discretion of the trial court.  Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the

1

court to reverse its prior decision. See <u>Kern-Tulare Water Dist. v. City of Bakersfield</u>, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987). When filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

By the instant request for reconsideration, Plaintiff argues that "extraordinary complexities are relevant to the criminal intent conspiracy enacted by the defendants at the denou[nc]ement of falsely accusing Plaintiff of "battery on a peace officer causing serious injury." Plaintiff contends that there was not sufficient evidence to support the disciplinary violation and defendants have conspired to "cover-up" the premeditated crime. In addition, Plaintiff contends that he has limited access to resources and law library time.

As Plaintiff previously was informed, he does not have a constitutional right to appointed counsel in this action, <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). <u>Rand</u>, 113 F.3d at 1525.

Plaintiff's claim that there was not sufficient evidence to support the charge of battery because it was based on false allegations is the basis of Plaintiff's complaint which alone does not justify the appointment of counsel. Plaintiff limited access to resources and law library do not demonstrate exceptional circumstances. This Court is faced with cases brought by prisoners in similar circumstances almost daily. Based on a review of the record in this case, the Court does not find that

///
///
///
///
///
///

Plaintiff cannot adequately articulate his claims.  Further, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits.

Accordingly, Plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated:   **June 27, 2014**

UNITED STATES MAGISTRATE JUDGE