1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11   ANTHONY TYRONE CAMPBELL, SR.       )   Case No.:1:14-cv-00801-LJO-SAB (PC)
                                         )
12              Plaintiff,               )
                                         )   FINDINGS AND RECOMMENDATION
13        v.                             )   RECOMMENDING ACTION PROCEED ON
                                         )   EXCESSIVE FORCE CLAIM ONLY AND ALL
14   JEFFREY BEARD, et al.,              )   OTHER CLAIMS BE DISMISSED FROM THE
                                         )   ACTION FOR FAILURE TO STATE A
15              Defendants.              )   COGNIZABLE CLAIM FOR RELIEF
                                         )
16   _____ )   [ECF No. 12]

17        Plaintiff Anthony Tyrone Campbell Sr. is appearing pro se and in forma pauperis in this civil

18   rights action pursuant to 42 U.S.C. § 1983.

19        Now pending before the Court is Plaintiff's first amended complaint, filed September 11, 2014.

20                                      **I.**

21                          **SCREENING REQUIREMENT**

22        The Court is required to screen complaints brought by prisoners seeking relief against a

23   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

24   Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

25   "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks

26   monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

27        A complaint must contain "a short and plain statement of the claim showing that the pleader is

28   entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

                                         1

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights.  Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).   The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff names D. Aguinaga, D. Cardenas, T. Ramos, M. Barajas, J. Mendez, and C. Nevarez, as Defendants in this action.

On July 3, 2013, while imprisoned at Pleasant Valley State Prison (PVSP), Plaintiff refused an incompatible housing assignment with an inmate returned to the facility from administrative segregation.  Upon refusal of the direct order by correctional officers D. Cardenas and M. Barajas, D. Cardenas stated: "I don't have time for this shit…"  M. Barajas subsequently stated: "Campbell, if you don't accept that individual to be your cellie I'm going to take all your personal property and make matters even wors[e] for you…"  Plaintiff remained persistent in refusing the unreasonably suggested housing assignment, and requested to be placed in administrative segregation where he could discuss the housing assignment issue with a classification committee.  Moments later Defendant D. Cardenas returned to the building, accompanied with Defendants T. Ramos, D. Aguinaga, and Sergeant J.

Mendez.  These officers met with Defendant M. Barajas at the officer's podium for approximately two minutes.

Upon conclusion of their discussion, the Defendants impulsively broke huddle and each of them headed up the stairs toward the shower where Plaintiff was confined.  Their approach was aggressive and intimidating but Plaintiff remained humble and requested again to be placed in administrative segregation.

Sergeant Mendez unlocked the shower and ordered Plaintiff to step out backward.  Plaintiff complied and Defendant T. Ramos and D. Aguinaga moved forward and proceeded to escort Plaintiff along the tier as D. Cardenas and M. Barajas trailed behind.

As they approached the stairs which were adjacent to cells 202 and 203, where Plaintiff had been housed in cell 202 and eyewitness Matthews housed in 203, Plaintiff veered to the left toward the stairs anticipating to be escorted down but Defendants T. Ramos and D. Aguinaga grabbed Plaintiff and without warning pushed Plaintiff toward cell 202 attempting to physically force the housing assignment on him.

However, Plaintiff was able to plant his feet firm enough to keep from being forced inside the cell, and simultaneously managed to prone out on the tier in response to the defendants' aggressive action.  Suddenly Sergeant J. Mendez became enraged and maliciously commenced pressing Plaintiff's face to the floor.

In an instant D. Aguinaga impulsively began punching his fist repeatedly into the back of Plaintiff's head and T. Ramos reserved no mercy as he began thrusting his knee into the left side of Plaintiff's ribs.  The use of force in terms of a good faith effort to restore or maintain discipline was not necessary because Plaintiff was not hostile and had requested on his own to be placed into administrative segregation until the issue regarding the incompatible housing assignment could be pleaded to a classification committee.

D. Cardenas also acted with malicious intent to hurt Plaintiff as she aggressively plunged her baton several times into the back of Plaintiff's thigh and M. Barajas intentionally and with the purpose of causing harm stomped on Plaintiff's lower right left with her boot.

///

3

When the assault came to an end, Plaintiff spoke with Sergeant Mendez and stated, "Now can we go to the 'hole,' (administrative segregation) and shortly thereafter an alarm was activated. Suddenly, D. Cardenas stated, "He kicked me," and in sequence D. Aguinaga stated, "He hit me too." Luckily for Plaintiff, eyewitness Matthews observed the entire incident and attested Plaintiff's actual innocence in an eyewitness statement to the investigative employee.  Inmate Harden is also a viable eyewitness, who can attest to the actual innocence.

The false allegation by D. Aguinaga and T. Ramos alleging Plaintiff lunged backwards and struck D. Aguinaga on the left side of face involves the presence of inmate Harden, as indicated in the defendants' incident reports, as inmate Harden is the person defendants' claim they were escorting at time of incident.

On July 26, 2013, Plaintiff pleaded an ineffective investigation claim to the senior hearing officer, C. Nevarez, at the time of hearing and requested the hearing be postponed until defense witnesses were present for testimony.  However, defendant denied Plaintiff his procedural right to have requested viable eyewitnesses testify to his actual innocence at the hearing, defendant also denied Plaintiff's additional request for proof of sufficient evidence necessary to substantiate the alleged charged offense.

Plaintiff contends no significant evidence exists such as, photos of injuries, video of injuries, x-ray of injuries, and/or medical reports of the injuries.  Plaintiff contends ultimately the finding of guilt was rendered by defendants based on a "preponderance of mere allegations," upon which the liberty interest is violated.

## III.

## DISCUSSION

### A.    Excessive Force

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment.  Hudson v. McMillian, 503 U.S. 1, 5, 112 S.Ct. 995 (1992) (citations omitted).  For claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  Wilkins v. Gaddy, 559 U.S. 34, 37, 130 S.Ct. 1175, 1178 (2010) (per

4

curiam) (citing <u>Hudson</u>, 503 U.S. at 7) (internal quotation marks omitted); <u>Furnace v. Sullivan</u>, 705 F.3d 1021, 1028 (9th Cir. 2013).  The objective component of an Eighth Amendment claim is contextual and responsive to contemporary standards of decency, <u>Hudson</u>, 503 U.S. at 8 (quotation marks and citation omitted), and although *de minimis* uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident, <u>Wilkins</u>, 559 U.S. at 37-8, 130 S.Ct. at 1178 (citing <u>Hudson</u>, 503 U.S. at 9-10) (quotation marks omitted); <u>Oliver v. Keller</u>, 289 F.3d 623, 628 (9th Cir. 2002).

Assuming the truth of Plaintiff's allegations, as this Court must at the pleading stage of the action, Plaintiff contends he was not resisting and was in a prone position on the floor when Defendants J. Mendez, D. Aguinaga, T. Ramos, D. Cardenas, and M. Barajas allegedly used unreasonable force on him.  Assuming the truth of the circumstances as alleged, Plaintiff allegations state a cognizable claim against Defendants J. Mendez, D. Aguinaga, T. Ramos, D. Cardenas, and M. Barajas.

**B.    Due Process**

The exhibits attached to Plaintiff's amended complaint clearly indicate that Plaintiff lost time credits as a result of being found guilty in the prison disciplinary proceeding against him, and that credit loss affects the length of his sentence.  Where, as here, "success in a . . . [section] 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence."  <u>Muhammad v. Close</u>, 540 U.S. 749, 751 (2004) (citing to <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S.Ct. 2364 (1994)); <u>Edwards v. Balisok</u>, 520 U.S. 641, 648 (1997) (applying <u>Heck</u> to a prison disciplinary hearing where good-time credits were affected).  Because the punishment imposed at the disciplinary hearing affects the duration of Plaintiff's sentence, Plaintiff's due process claim is barred until such time as Plaintiff invalidates the result of the disciplinary hearing.  Accordingly, Plaintiff fails to state a cognizable due process violation, and the Court previously provided Plaintiff with an opportunity to amend and based on the nature of the

deficiencies at issue, further leave to amend would be futile.  <u>Akhtar v. Mesa</u>, 698 F.3d 1202, 1212-13 (9th Cir. 2012); <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000).

### IV.

### RECOMMENDATION

Based on the foregoing,

IT IS HEREBY RECOMMENDED that:

1.       This action shall proceed on Plaintiff's claim of excessive force against Defendants J. Mendez, D. Aguinaga, T. Ramos, and D. Cardenas; and

2.       Plaintiff's due process claim against C. Nevarez be dismissed for failure to state a cognizable claim for relief.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **twenty (20) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

Dated:   **September 18, 2014**

UNITED STATES MAGISTRATE JUDGE