1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

8  ANTHONY TYRONE CAMPBELL, SR.        )   Case No.:1:14-cv-00801-LJO-SAB (PC)
                                       )
9             Plaintiff,               )
                                       )
10        v.                           )   ORDER DENYING PLAINTIFF'S MOTION FOR
                                       )   APPOINTMENT OF COUNSEL, WITHOUT
11   JEFFREY BEARD, et al.,            )   PREJUDICE
                                       )
12            Defendants.              )   [ECF No. 28]
                                       )
13  _____)

14

15   Plaintiff Anthony Tyrone Campbell Sr. is appearing pro se and in forma pauperis in this civil rights
16   action pursuant to 42 U.S.C. § 1983.
17           On May 18, 2015, Plaintiff filed a motion for the appointment of counsel.  Plaintiff previously
18   filed a motion for appointment of counsel which was denied.  (ECF Nos. 5, 8.)  As Plaintiff was
19   advised previously, he does not have a constitutional right to appointed counsel in this action, Rand v.
20   Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require any attorney to represent
21   plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern
22   District of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court
23   may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at
24   1525.
25           Without a reasonable method of securing and compensating counsel, the Court will seek
26   volunteer counsel only in the most serious and exceptional cases.  In determining whether
27   "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the

28

1

merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. Plaintiff alleges an Eighth Amendment claim against several defendants for the use of excessive force. The legal issues present in this action are not complex, and Plaintiff has thoroughly set forth his allegations in the complaint. However, at this early stage in the proceedings, the court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims. Id.

While a pro se litigant may be better served with the assistance of counsel, so long as a pro se litigant, such as Plaintiff in this instance, is able to "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" which might require the appointment of counsel do not exist. Rand v. Rowland, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realm of discovery and the securing of expert testimony.") The fact that Plaintiff's imprisonment limits his ability to research and investigate his case does not present extraordinary circumstances because Plaintiff is in the same position as any other prisoner who files a section 1983 action. Plaintiff's assertions regarding presenting evidence and cross-examining witnesses at a future trial does not present an exceptional circumstance warranting appointment of counsel. Accordingly, Plaintiff motion for appointment of counsel is DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **July 6, 2015**

_____
UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28