UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY TYRONE CAMPBELL, SR.<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY BEARD, et al.,<br><br>Defendants. | Case No.:1:14-cv-00801-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION REGARDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT RELATING TO EXHAUSTION OF THE ADMINISTRATIVE REMEDIES<br><br>[ECF No. 39] |

Plaintiff Anthony Tyrone Campbell Sr. is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

This action is proceeding against Defendants Mendez, Aguinaga, Ramos, Cardenas, and Barajas for excessive force in violation of the Eighth Amendment.

Defendants filed an answer to the complaint on May 4, 2015. (ECF No. 26.) On May 6, 2015, the Court issued the discovery and scheduling order. (ECF No. 27.)

On August 28, 2015, Defendants filed a motion for summary judgment. (ECF NO. 39.) Plaintiff filed an opposition on September 17, 2015, and Defendants filed a reply on September 24, 2015. (ECF Nos. 40, 41.) Pursuant to Local Rule 230(*l*), the motion is deemed submitted for review.

///

///

**I.**

**DISCUSSION**

**A. Motion for Summary Judgment Standard**

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014); Washington Mut. Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, although it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

As set forth above, the defendants bear the burden of proof in moving for summary judgment for failure to exhaust, and they must "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy," Albino, 747 F.3d at 1166, 1172. If the defendants carry their burden, the burden of production shifts to the plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. "If the undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." Id. at 1166. However, "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." Id.

**B. Exhaustion under the Prisoner Litigation Reform Act**

Pursuant to the Prison Litigation Reform Act of 1996, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative

1  remedies prior to filing suit.  Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d
2  1198, 1199-1201 (9th Cir. 2002).  Exhaustion is required regardless of the relief sought by the prisoner
3  and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and
4  the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516,
5  532 (2002).

6  The failure to exhaust in compliance with section 1997e(a) is an affirmative defense under
7  which Defendant has the burden of raising and proving the absence of exhaustion.  Jones, 549 U.S. at
8  216; Albino v. Baca, 747 F.3d at 1171; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  The
9  failure to exhaust nonjudicial administrative remedies is subject to a motion for summary judgment in
10 which the Court may look beyond the pleadings.  Albino, 747 F.3d at 1170.  If the Court concludes
11 that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice.  Jones, 549 U.S.
12 at 223-24; Lira v. Herrera, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

13 The California Department of Corrections and Rehabilitation (CDCR) has an administrative
14 grievance system for prisoners to appeal any departmental decision, action, condition, or policy having
15 an adverse effect on prisoners' welfare.  Cal. Code Regs. tit. 15, § 3084.1.  Prior to 2011, the process
16 was initiated by submitting a CDC Form 602 describing the problem and the action requested, tit. 15,
17 § 3084.2(a), and appeal had to be submitted within fifteen working days of the event being appealed or
18 of the receipt of the unacceptable lower level decision, tit. 15, § 3084.6(c).  Up to four levels of appeal
19 may be involved, including the informal level, first formal level, second formal level, and third formal
20 level, also known as the Director's Level.  Tit. 15, § 3084.5.  In order to satisfy section 1997e(a),
21 California state prisoners are required to use this process to exhaust their claims prior to filing suit.
22 Woodford v. Ngo, 548 U.S. 81, 85-86 (2006); McKinney, 311 F.3d at 1199-1201.  On January 28,
23 2011, the inmate appeals process was modified and limited to three level of review with provisions
24 allowing the first level to be bypassed under specific circumstances.  Cal. Code Regs. tit. 15, § 3084.7.

25 In this instance, the critical procedural rules require inmates to list all staff members involved
26 and describe their involvement, include only one issue or related set of issues per appeal, and
27 "describe the specific issue under appeal and the relief requested."  Cal. Code Regs. tit. 15, §
28 3084.2(a)(1)-(4) (Jan. 28, 2011).  Furthermore, the inmate "shall state all facts known and available to

him/her regarding the issue being appealed at the time of submitting the Inmate/Parolee Appeal Form, and if needed, the Inmate Parolee/Appeal Form Attachment." Id. at § 3084.2(a)(4).

An inmate who fails to exhaust his administrative remedies may be excused from the exhaustion requirement by demonstrating that pertinent administrative remedies were "effectively unavailable." Nunez v. Duncan, 591 F.3d 1217, 1226 (9th Cir. 2010). For instance, "a prisoner need not press on to exhaust further levels of review once he has either received all 'available' remedies at an intermediate level of review or been reliably informed by an administrator that no remedies are available." Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005). Improper screening of an administrative appeal may also excuse an inmate from the exhaustion requirement. Sapp v. Kimbrell, 623 F.3d 813, 823 (9th Cir. 2010). In order for this exception to apply, the inmate must establish, "(1) that he actually filed a grievance or grievances that, if pursued through all levels of administrative appeals, would have sufficed to exhaust the claim that he seeks to pursue in federal court, and (2) that prison officials screened his grievance or grievances for reasons inconsistent with or unsupported by applicable regulations." Id. at 823-824. If a grievance is properly rejected, the inmate is not excused from the exhaustion requirement.

**C.    Allegations of Complaint**

In the first amended complaint, Plaintiff contends that on July 3, 2013, while being escorted back to his cell after refusing to be assigned a cellmate, Plaintiff was forced to the ground and subsequently beaten by Defendants Aguinaga, Cardenas, Ramos, Barajas, and Mendez. Plaintiff was issued a Rules Violation Report, and was denied the opportunity to present witnesses at the resulting hearing. Plaintiff was found guilty of this Rules Violation Report.[1]

///

///

///

---

[1] In this first amended complaint, Plaintiff also claimed he was denied due process as a result of the guilty finding on the rules violation. The Court found that Plaintiff failed to state a cognizable claim for relief because the documents attached to the complaint demonstrated that Plaintiff lost credit as a result of the rules violation, and his due process claim was not cognizable by way of section 1983 until such time as Plaintiff invalidated the results of the disciplinary hearing. (ECF No. 13 at 5.)

4

**D. Arguments**

1. Defendants' Motion for Summary Judgment

It is undisputed that during the time period relevant to the operative complaint, Plaintiff was a prisoner within the custody of the California Department of Correction and Rehabilitation (CDCR) and was incarcerated at Pleasant Valley State Prison (PVSP). (ECF No. 14 at 4.) It is also undisputed that an inmate appeal or administrative remedy process is available at PVSP. (ECF No. 14 at 2.)

It is also undisputed that between July 3, 2013 and September 11, 2014, Plaintiff submitted nine non-healthcare appeals that were received by the PVSP Appeals Office and only two of these appeals were decided at the third level of review. (ECF No. 39-3, Declaration of J. Morgan ¶ 4; ECF No. 40 at 4-5, 10.) Defendants submit that of these nine non-healthcare appeals, seven appeals were screened-out and either rejected or cancelled by the PVSP Appeals Office because they were not compliant with the requirements of California Code of Regulations, Title 15. (Declaration of J. Morgan ¶ 4.)

The first of the two remaining non-health care appeals submitted by Plaintiff, appeal number PVSP-S-13-02190, was received and reviewed by all required levels, and was ultimately denied by the third level of review on March 27, 2014. (Declaration of J. Morgan ¶ 6; ECF No. 39-4, Declaration of M. Voong ¶¶ 7-8.) The second of these appeals, appeal number PVSP-S-13-02095, was received and reviewed at all required levels, and was ultimately denied by the third level of review on June 2, 2014. (Declaration of J. Morgan ¶ 5; Declaration of M. Voong, ¶¶ 7, 9.) Both the of the 602 Forms submitted for these appeals addressed issues related to Rules Violation Reports and did not contain any reference to the July 3, 2013 alleged use of force by the Defendants. (Declaration of J. Morgan ¶¶ 5-6, Exs. B, C.)

2. Plaintiff's Opposition to Defendants' Motion

Plaintiff contends that all nine of the inmate appeals that he submitted at the PVSP Appeals Office between July 3, 2013 and September 11, 2014, were relevant to the July 3, 2013, incident upon which this action proceeds. Plaintiff admits that the two appeals that were exhausted to the third level of review did not serve to exhaust the claims for which this action proceeds, but argues that the seven remaining appeals he filed were improperly screened by PVSP Appeals Coordinators.

5

3.      Defendants' Reply to Plaintiff's Opposition

Defendants submit that the seven appeals referenced by Plaintiff in his opposition were properly cancelled or rejected by the PVSP Appeals Office, and Plaintiff's failure to properly exhaust his administrative remedies should not be excused and summary judgment is appropriate.

4.      Analysis and Findings

It is undisputed that during the relevant time frame Plaintiff submitted nine non-healthcare appeals that were received by the PVSP Appeals Office. Because the parties dispute whether any of the inmate appeals submitted by Plaintiff was sufficient to exhaust the administrative remedies, the Court will address each inmate appeal separately.

**a.      Appeal Number PVSP-S-13-02190**

In this appeal, Plaintiff contended that his due process rights were violated regarding the Rules Violation Report, Log Number 13-FC-97-004, dated July 3, 2013, for battery on a peace officer resulting in serious bodily injury. This appeal was reviewed by all required levels, and was ultimately denied by the third level of review on March 27, 2014. (Declaration of J. Morgan ¶ 6, Ex. C; Declaration of M. Voong ¶¶ 7-8.)

Plaintiff *concedes* that this appeal is not relevant to the claim at issue in this action. (Opp'n[2] at 4-5, 10.) Accordingly, this appeal could not and did not serve to exhaust the administrative remedies.

**b.      Appeal Number PVSP-S-13-02095**

In this appeal, Plaintiff contended that Chief Deputy Warden, R. Fisher Jr. denied remonstration against a serious procedural default and a new Administrative Segregation Unit Placement Notice (CDC 114D) was generated. (Declaration of J. Morgan ¶ 5, Ex. B; Declaration of M. Voong ¶¶ 7, 9.) This appeal was reviewed by all required levels, and was ultimately denied at the third level of review on June 32, 2014. (Id.)

Plaintiff *concedes* that this appeal is not relevant to the claim at issue in this action. (Opp'n at 5, 10.) Accordingly, this appeal could not and did not serve to exhaust the administrative remedies.

---

[2] References herein to Plaintiff's opposition page numbers are to the Court's ECF pagination headers.

### c. Appeal Number PVPS-S-13-01732

Appeal log number PVSP-S-13-01732 was received for review on July 19, 2013. (ECF No. 41-1, Declaration of J. Morgan ¶ 5, Ex. A.) This appeal concerned an upcoming Rules Violation Report (CDCR Form 115) hearing concerning Plaintiff. The appeal was rejected by the PVSP Appeals Office on July 19, 2013, because it concerned an anticipated action or decision.[3] (Id.) Plaintiff was advised that he must wait for his Rules Violation Report to be heard, and then after he received the final copies from the hearing, if he wished to appeal, he should attach the final CDCR Form 115 and resubmit this appeal to the PVSP Appeals Office. (Id.) No appeal was received by the PVSP Appeals Office which appealed the rejection of this appeal. (Id. at ¶ 12.)

### d. Appeal Number PVSP-S-13-01991

Appeal log number PVSP-S-13-01991 was received for review on August 20, 2013. (ECF No. 41-1, Declaration of J. Morgan ¶ 7, Ex. C.) This appeal concerned a Rules Violation Report hearing concerning Plaintiff. (Id.) The appeal was rejected by the PVSP Appeals Office on August 20, 2013, because it concerned an anticipated action or decision. (Id.) Plaintiff was informed that he must wait to receive the signed final copies of the Rules Violation Report from the PVSP Chief Disciplinary Officer. (Id.) No appeal was received by the PVSP Appeals Office which appealed the rejection of this appeal. (Declaration of J. Morgan ¶ 12.)

### e. Appeal Number PVSP-S-13-02262

Appeal log number PVSP-S-13-02262 was received for review on September 23, 2013. (Declaration of J. Morgan ¶ 8.) In this appeal, Plaintiff requested that he be given copies of a recent investigation. (Id.) Prior to submitting this appeal, Plaintiff had been informed by PVSP litigation personnel that he would not be given a copy of these investigation results. (Id.) On September 23, 2013, the appeal was rejected because Plaintiff did not require the results of any investigation to pursue litigation. (Id.) No appeal was received by the PVSP Appeals Office which appealed the rejection of this appeal. (Declaration of J. Morgan ¶ 12.)

---

[3] California Code of Regulations, Title 15, section 3084.6(b)(1) specifically states that an appeal should be rejected if "[t]he appeal concerns an anticipated action or decision."

  **f.**  <u>**Appeal Number PVSP-O-13-02787**</u>

  Appeal log number PVSP-S-13-02787 was received for review on October 22, 2013. (Declaration of J. Morgan ¶ 9, Ex. E.)  In this appeal, Plaintiff alleged that PVSP Appeals Coordinator J. Morgan had obstructed his appeals process.  (<u>Id.</u>)  Plaintiff alleged that he had been interviewed on September 10, 2013, regarding a separate appeal, and that he had been informed that he would receive a decision from the second level of review regarding that appeal by October 17, 2013.  (<u>Id.</u>)  But, as of October 22, 2013, Plaintiff had not received that decision.  (<u>Id.</u>)  Plaintiff did not cite the log number of the appeal which he referenced.  (<u>Id.</u>)  This appeal was sent to the Hiring Authority and determined to be a legal issue, as opposed to a staff complaint.  (<u>Id.</u>)  Plaintiff was informed of this decision on November 27, 2013 and directed to submit an Inmate Request Form 22 with the log number of the requested appeal and he would be provided with a copy of the response.  (<u>Id.</u>)

  **g.**  <u>**Appeal Number PVSP-)-14-00083**</u>

  Appeal log number PVSP-S-14-00083 was received for review on December 19, 2013. (Declaration of Morgan ¶ 10, Ex. G.)  In this appeal, Plaintiff alleged that PVSP Licensed Vocational Nurse Hightower reported false injuries on a state document in order to aide and abet staff corruption committed by correctional officers Aguinaga and Cardenas (two of the five named defendants in this action). (<u>Id.</u>)  On January 9, 2014, the appeal was cancelled pursuant to California Code of Regulations, Title 15, section 3084.6(c)(2) because it was found to address issues which were duplicative of appeal log number PVSP-S-13-01968, which had already been investigated by the Hiring Authority.  (<u>Id.</u>)  No appeal was received by the PVSP Appeals Office which appealed the cancellation of this appeal. (Declaration of J. Morgan ¶ 12.)

  **h.**  <u>**Appeal Number PVSP-O-13-03117**</u>

  Appeal log number PVSP-S-13-03117 was processed for review on December 30, 2013. (Declaration of J. Morgan ¶ 10, Ex. F.)  In this appeal, Plaintiff complained that PVSP Appeals Coordinators were impeding his appeals processing because a previous appeal had been assigned for outside review.  (<u>Id.</u>)  On December 30, 2013, this appeal was cancelled as untimely by the PVSP Appeals Office because more than thirty days had elapsed since any appeal submitted by Plaintiff had been assigned for outside review, and therefore this appeal was not timely as it did not comply with

the requirements of California Code of Regulations, Title 15, sections 3084.6(c)(4) and 3084.8(b). (Id.) No appeal was received by the PVSP Appeals Officer which appealed the cancellation of this appeal. (Declaration of J. Morgan ¶ 12.)

### i. Appeal Number PVSP-S-13-01968

Appeal log number PVSP-S-13-01968 was received for review on August 12, 2013. (Declaration of J. Morgan ¶ 6, Ex. B.) This appeal concerned Plaintiff's July 3, 2013, administrative segregation placement. (Id.) In the supporting documents submitted for this appeal, Plaintiff challenged his administrative segregation placement and asserted that he had not committed battery on July 3, 2013, but instead had been assaulted by correctional officers Aguinaga, Cardenas, Ramos, Barajas, and Mendez.[4] (Id.) On August 14, 2013, the appeal was cancelled by the PVSP Appeals Office because Plaintiff did not submit it within the required thirty-day time period following the July 3, 2013, event which he was appealing as required by California Code of Regulations, Title 15, sections 3084.6(c)(4) and 3084.8(b). (Id.) Plaintiff was informed that although his appeal was untimely and would not be processed within the Inmate Appeals process, his allegations of staff misconduct would be reviewed by the Hiring Authority, even though Campbell would not be informed of the results. (Id.) Plaintiff was also informed that once an appeal has been cancelled, it may not be resubmitted, but that a separate appeal could be submitted regarding the cancellation decision, and the original appeal could be resubmitted if the appeal regarding the cancellations is granted.[5] (Id.) No *timely* appeal was received by the PVSP Appeals Office which appealed the cancellation of this appeal. (Id. at ¶ 12.)

---

[4] This appeal appears sufficient to substantively exhaust Plaintiff's excessive force claim against Defendants Aguinaga, Cardenas, Ramos, Barajas, and Mendez. However, in order to exhaust the administrative remedies, both proper procedural and substantive exhaustion is required, which demands compliance with an agency's deadlines and other critical procedural rules. Woodford, 548 U.S. at 90; Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014).

[5] A cancellation decision may be challenged, section 3084.6(e), and in the cancellation letter dated August 14, 2013, Plaintiff was specifically informed in writing as follows: "Pursuant to CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted. However, a separate appeal can be filed on the cancellation decision. The original appeal may only be resubmitted if the appeal on the cancellation is granted." (ECF No. 41-1, Declaration of J. Morgan, Ex. B.)

1    Based on the foregoing, Defendants have carried their burden of demonstrating that Plaintiff
2    did not properly exhaust the available administrative remedies.
3    In response, Plaintiff contends this appeal is the most relevant to the incident on July 3, 2013,
4    and the appeal was "wrongly cancelled" by Appeals Coordinator J. Morgan. (Opp'n at 4.) Plaintiff
5    contends this appeal timely exhausted the administrative remedies as a written staff complaint (Appeal
6    Log No. PVSP-S-13-01968) was sent directly to PVSP Chief Deputy Warden (CDW), R. Fisher Jr.
7    Following the CDW's review, the complaint was then forwarded by the CDW to inmate appeals
8    coordinator J. Morgan and processed according to the requirements set forth at California Code of
9    Regulations, Title 15, section 3084.9(i)(3). (Opp'n at 12.) Plaintiff contends that, J. Morgan, later
10   intervened and personally obstructed the exhaustion process by rendering a wrongful cancellation of
11   Plaintiff's staff complaint. (Opp'n at 13.)
12   Plaintiff acknowledges that the appeals coordinator has discretion to cancel an appeal if
13   determined time limits are exceeded. (Opp'n at 14.) Plaintiff contends, however, that cancellation of
14   an appeal precludes further exhaustion efforts, deeming administrative remedies as "far as allowed
15   and/or available." (Opp'n at 14.) Plaintiff further acknowledges that section 3084.1(b) specifically
16   states that "unless otherwise stated in these regulations, … a cancellation decision does not exhaust
17   administrative remedies." (Opp'n at 14.) Plaintiff argues that in this case, appeals coordinator, J.
18   Morgan, "opted not to redress wrongful cancellation decision and failed to later exceed and accept
19   complaint be determining [sic] cancellation was made in error." (Opp'n at 14.) Plaintiff further
20   argues "no further exhaustion of administrative remedy is available when complaint cancelled by
21   appeals coordinator unless coordinator pursuant to CCR § 3084.6(a)(3) uses descretion [sic] to later
22   accept complaint by determining cancellation was made in error." (Opp'n at 15.)
23   As evident from the face of the 602 Form, the first level of review was bypassed and was
24   subsequently cancelled as untimely at the second level of review. (ECF No. 41-1, Declaration of J.
25   Morgan, Ex. B.) The incident at issue in this case occurred on July 23, 2013, and Plaintiff waited until
26   August 12, 2013, to submit his appeal relating to such incident. Plaintiff was required to submit an
27   appeal on the 602 form within thirty days from the date of the incident. Cal. Code Regs. tit. 15, §
28   3084.8(b)(1). Plaintiff filed appeal number PVSP-S-13-01968 on August 12, 2013. Thus, Plaintiff's

appeal was not timely filed and the cancellation was proper. Ngo, 548 U.S. at 94-95 (in order to give prison official a fair opportunity to resolve a complaint, an inmate must bring that complaint in a timely manner to the officials' attention). Plaintiff has not sufficiently shown that prison officials cancelled this grievance for any reasons inconsistent with the applicable regulations, and Plaintiff is not excused from exhaustion of the administrative remedies under Sapp, 623 F.3d at 822-823.

Plaintiff acknowledges that a cancellation or rejection decision does not exhaust administrative remedies. (Opp'n at 14; see Cal. Code Regs. tit. 15, §§ 3084.6, 3084.1(b).) The fact that Plaintiff's misuse of force claim was reviewed outside of the appeal process, does not render the administrative appeal process exhausted for purposes of Plaintiff pursuing the instant section 1983 action. In order to properly exhaust, Plaintiff was required to comply with CDCR's deadlines and other critical procedural rules. Woodford v. Ngo, 548 U.S. at 90. Because proper exhaustion is necessary, a prisoner cannot satisfy the PLRA exhaustion requirement by filing an untimely or otherwise procedurally defective administrative appeal. Id. at 90-93. Rather, "to properly exhaust administrative remedies prisoners 'must complete the administrative review process in accordance with the applicable procedural rules,' []-rules that are defined not by the PLRA, but by the prison grievance process itself." Jones v. Bock, 549 U.S. 199, 218 (2007) (quoting Woodford, 548 U.S. at 88); see also Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009) ("The California prison system's requirements 'define the boundaries of proper exhaustion.'") (quoting Jones, 549 U.S. at 218).

Plaintiff contends that a subsequent appeal challenged the wrongful cancellation of the excessive force complaint. (Opp'n at 5.) Plaintiff reasons that an appeal cancelled at the second level of review essentially exhausts the administrative remedies as are available, unless the appeals coordinator later accepts the appeal by determining cancellation was made in error. (Id. at 6.) In this instance, although Plaintiff appealed the cancellation of the second level review, see Appeal No. PVSP-S-13-03117 (referenced above) that appeal was denied as untimely. Contrary to Plaintiff's argument, once an appeal has been cancelled, the appeal may not be accepted unless a determination is made that the cancellation was made in error or new information is received. Cal. Code Regs. tit. 15, §§ 3084.6(e), 3084.6(a)(3). An inmate can appeal a cancellation decision separately by appealing the

11

application of section 3084.6(c) to his appeal; if he prevails on that separate appeal, the cancelled appeal later can be considered at the discretion of the appeals coordinator or the third level appeals chief.  Id., §§ 3084.6(a)(3), 3084.6(e).

Plaintiff's argument that because his appeals were cancelled as untimely and he was not granted relief from such cancellation further exhaustion cannot be accomplished, is without merit.  The fact that Plaintiff failed to comply with the procedural requirements, including time limitations, does not excuse Plaintiff from exhaustion of the administrative remedies.  To do so, would render the entire appeals process useless.  See Woodford, 548 U.S. at 95 (the Supreme Court explained that "a prisoner wishing to bypass available administrative remedies could simply file a late grievance without providing any reason for failing to file one time.  If the prison then rejects the grievance as untimely, the prisoner could proceed directly to federal court.  And acceptance of the late grievance would not thwart the prisoner's wish to bypass the administrative process; the prisoner could easily achieve this by violating other procedural rules until the prison administration has no alternative but to dismiss the grievance on procedural grounds.  We are confident that the PLRA did not create such a toothless scheme.")

Accordingly, Defendants' motion for summary judgment should be granted and judgment should be entered in favor of Defendants.

## II.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Defendants' motion for summary judgment be GRANTED.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the specified time may

///

///

result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:     **November 2, 2015**

UNITED STATES MAGISTRATE JUDGE