# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANTHONY TYRONE CAMPBELL, SR. | ) | Case No.:1:14-cv-00801-DAD-SAB (PC) |
| Plaintiff, | ) ) | |
| v. | ) ) | ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY |
| JEFFREY BEARD, et al., | ) ) | [ECF No. 48] |
| Defendants. | ) ) | |
| | ) | |

Plaintiff Anthony Tyrone Campbell Sr. is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to compel discovery, filed January 22, 2016. Defendants filed an opposition on January 29, 2016.  (ECF No. 49.)

## I.

## DISCUSSION

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4. However, the Court is vested with broad discretion to manage discovery and notwithstanding these

1   procedures, Plaintiff is entitled to leniency as a pro se litigation; therefore, to the extent possible, the

2   Court endeavors to resolve his motion to compel on its merits.  Hunt v. County of Orange, 672 F.3d

3   606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir.

4   2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

5          In his motion, Plaintiff seeks to compel Defendants to produce a copy of the "complete

6   transcripts of any and all criminal hearings and/or proceedings, including jury trial, stemming from

7   false allegations of battery on a peace officer relevant to incident as herein described in this instant

8   action."  (ECF No. 48, Mot. at 1.)  Plaintiff also contends that he submitted a written request for these

9   documents on May 26, 2015, however he never received such documents.  (Id. at 2:1-6.)

10         Defendants submit that they do not currently possess a transcript of any criminal court hearings

11  or proceeding relevant to this action, and Defendants responded to Plaintiff's request for production of

12  documents, set one, served on July 23, 2015.  (ECF No. 46 at 6:12-7:2; ECF No. 49 at 1, Declaration

13  of Jason Braxton ¶¶ 3-4.)  Furthermore, if at some future point in time, Defendants purchase copies of

14  the transcripts related to Plaintiff's state court criminal case, California law prohibits Defendants from

15  providing Plaintiff with copies of such transcript.  Cal. Gov't Code § 69954(d).  Accordingly,

16  Plaintiff's motion shall be denied.

## II.

## ORDER

19         Based on the foregoing, Plaintiff's motion to compel a further response to his requests for

20  production of documents, set one, is DENIED.

22  IT IS SO ORDERED.

23  Dated:   **March 14, 2016**

UNITED STATES MAGISTRATE JUDGE